In September term, this case was submitted to the consideration of the Court without argument; and at this term, Pennington, J. delivered the opinion of the Court.
Pennington, J.
— I am inclined to think, that under our statute, a convcyanpe made by a feme covert, separate from her husband, of her own real estate, acknowledged before a judge, acccording to the act, [*] will have all the effect of levying a fine. If a feme covert levies a fine, it binds her and her heirs. 10 Coke 43. If a woman covert levy fine alone, as if she were sole, this shall bind her for this reason, that she shall not be received to say that she was covert, Hob. 225. But in both these books, it is expressly laid down, that this act will not affect the husband. On the marriage, an estate for the joint lives of the husband and wife at least, vests in the husband, and no act of the wife alone, separate from her husband, can divest it. The question then is, does the agreement before marriage, alter the case? Notwithstanding this agreement, I apprehend, the title vested in the husband; the mortgage and agreement, made at different times, under different circumstances, and,between different parties, cannot be construed as one instrument. How far a court of equity, on a proper bill filed, would compel the defendant to join his wife in a mortgage, or other conveyance, may perhaps be collected from the observations of Ed. Hardwicke, in case of Peacock v. Monk, 2 Ves. 192.
But that is not the question; we are at common law, acting on a legal title; a title, that on the marriage, became vested in the husband. The authority of the wife to deprive him of it, rests in agreement; and although the defendant may be guilty of an act of bad faith, in holding possession of the land against his agreement, yet the title is in him, and he must have judgment. Judgment for defendant.